**Pittsburgh & Indiana Coal Company, Plaintiff in Error, v. Hostler Coal & Coke Company, Defendant in Error.**

**Gen. No. 14,313.**

1. VENDOR AND VENDEE—*remedies of former upon rejection of merchandise.* If merchandise ordered and sought to be delivered is without good cause rejected by the vendee, the vendor has open to him four courses, namely, (1) to store the merchandise for the vendee and give notice of such action, in which case the measure of damages is the full contract price; (2) keep the merchandise and recover the excess of the contract price over and above the market price at the time and place of delivery; (3) upon notice to the vendee, to proceed to sell the merchandise to the best advantage and recover the loss if such merchandise fails to bring the contract price, or (4) to sue for the contract price of the merchandise upon the theory of delivery actually made with a return refused.

2. CONSIGNOR AND CONSIGNEE—*when title passes.* Delivery of goods to a common carrier to be forwarded to a purchaser is a delivery to the purchaser and thereby passes title to such purchaser subject to the consignor's right of stoppage *in transitu.*

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 4, 1909.

WINKLER, BAKER & HOLDER, for plaintiff in error.

POMEROY & MARTIN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The artificial persons, the litigants in this cause, are dealers in coal at the city of Chicago. The con-

troversy is entirely confined to the cross claim of defendant presented in the nature of a set-off to plaintiff's undisputed claim, for the contract price of three cars of coal shipped, on order, by defendant to plaintiff. The three cars of coal sold and delivered by plaintiff to defendant were of the conceded value of $163.40, and the three cars of coal were sold by defendant to plaintiff at the undisputed price of $142.03. The parties having waived a trial by jury, the cause was tried before a judge of the Municipal Court, who allowed the set-off for the amount of the contract price of the three cars of coal in controversy, and entered judgment in favor of plaintiff, without costs, for $21.37, the difference between the two claims, defendant having tendered that sum to plaintiff before trial. This appeal is prosecuted in an effort to reverse the finding of the trial judge in favor of defendant's set-off.

The three cars of coal in controversy were contracted to be "¾ inch West Virginia gas coal", sold f. o. b. cars at mine. These three cars of coal were shipped at the mine of defendant consigned to Electric Roller Co. at Delaware, Ohio, and upon arrival were rejected as not being of the contract standard. Defendant declined to accept a return of the coal, and what subsequently became of it is not disclosed by the record.

Plaintiff assigns for error and argues, first, that the counter-claim of defendant was not the subject of set-off in its suit for the price of the coal sold by it to defendant, and that if it was the subject of set-off that it failed to prove its right to have its counter claim allowed for the contract price of the coal. This latter contention rests in the claim that defendant, when the coal was rejected, had three courses open to it, neither of which it pursued. These courses are, first, to store the coal for plaintiff, give notice of such action, and then the measure of damages would have been the full contract price; or, second, defendant

might have kept the coal and recovered the excess of the contract price over and above the market price at the time and place of delivery; or, third, defendant might have, upon notice to plaintiff, proceeded to sell the coal to the best advantage and recover the loss if the coal failed to bring the contract price.

While not controverting the right of defendant, at its election, to pursue either of these three courses, yet we are of the opinion that, while they were open to it, it was not bound to proceed in accordance with either of them. It had a fourth alternative—to sue for the contract price of the coal and recover it either in a direct action or by way of set-off to plaintiff's claim, provided that the coal was up to the grade called for by the contract.

The trial judge, properly, we think, held the law on this subject to be that "if a party to whom goods have been ordered shall ship the amount and quality ordered in the manner directed, the property thereupon vests in the purchaser, and is thenceforth, after delivery to the common carrier, at the purchaser's risk, and that the legal measure of damages of defendant under its set-off or counter claim was the exact contract price".

By construction of the words of the contract "f. o. b. mines" a delivery of the coal at the mines to a common carrier consigned as directed, constituted a delivery to plaintiff, and therefrom the coal was at its risk. Shaw v. Lady Ensley Coal Co., 147 Ill. 526.

Delivery of goods to a common carrier to be forwarded to the purchaser is a delivery to the purchaser and thereby passes title to such purchaser, subject to the consignor's right of stoppage *in transitu.* Kelsea v. Ramsey, 55 N. J. L. 320. See authorities cited in note to Ramsey case, *supra,* 22 L. R. A. 415 to 418, where the whole doctrine is thoroughly discussed.

The place of delivery is, by analogy, the point for inspection, and if the coal was of the grade and quality

designated in the contract when delivered to the carrier, that provision of the contract was fulfilled.

Being unable to say from the proof that the finding of the trial court that the three cars of coal were, when delivered to the common carrier at the mine and consigned according to instructions, up to contract grade, is manifestly contrary to the probative force of the evidence, we will not disturb that finding, but concur in it.

Whether or not an unliquidated claim may be set-off against a claim for liquidated·damages in an action in the Municipal Court, is of no importance on this appeal in the light of our holding that the counter-claim of defendant was for liquidated damages for the contract price of the three cars of coal in controversy. This in no way violates the doctrine announced in Higbie v. Rust, 211 Ill. 333, for there the holding of the court is restricted to a counter-claim for unliquidated damages under a contract entirely foreign to the claim and subject matter of the original suit.

The judgment of the Municipal Court is affirmed.

*Affirmed.*